UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANTA G. PHILLIPS-BERRY                         CIVIL ACTION

V.                                               NO. 18-6037

STATE OF LOUISIANA, ET AL.                       SECTION "F"

ORDER AND REASONS

Before the Court is the State of Louisiana's motion to dismiss the plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Shanta Phillips-Berry sued the State of Louisiana and Patricia Scurlock on June 18, 2018. In her complaint she alleges that a physician at Oschner Hospital implanted a device into her body that is controlled by the use of a hand held device. Phillips-Berry's precise allegations are unclear,[1] but she states that she seeks to reveal criminal acts committed by the state or state actors. The State of Louisiana moved to dismiss the complaint on July 23, 2018.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge a federal district court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The State of Louisiana challenges this Court's subject matter

---

[1] The plaintiff's complaint is incoherent and fails to articulate the basis for its claim, or the relief it seeks.

1

jurisdiction under Rule 12(b)(1), invoking the Eleventh Amendment's doctrine of sovereign immunity with respect to the plaintiff's federal civil rights claims. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Choice Inc. of Texas v. Greenstein, 627 F.3d 710, 714 (5th Cir. 2010)(citations omitted).

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." Va. Office for Prot. & Advocacy v. Stewart, 131 S.Ct. 1632, 1637 (2011); Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004)(citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996)).[1] A federal district court lacks subject matter jurisdiction where the named defendant is protected by Eleventh Amendment immunity. See Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007)(per curiam). This jurisdictional bar applies regardless of the nature of the relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). Indeed, not only does the Eleventh Amendment preclude individuals from suing a state in federal court for money damages, it also bars injunctive and declaratory suits against the state, unless the state consents to suit, or its immunity is otherwise

---

[1] The Eleventh Amendment instructs that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State."

overcome by application of waiver, abrogation, or *Ex parte Young* doctrines. See id.; see also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); see also Cory v. White, 457 U.S. 85, 91 (1982).

In precluding suits against states, it is settled that, absent an exception, the Eleventh Amendment necessarily embraces claims asserted by individuals against states, their agencies or departments, and state actors in their official capacities, as well as state courts. See K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010)(citing Hutto v. Finney, 437 U.S. 678, 700 (1978)); see Mahogany v. Louisiana State Supreme Court, 262 Fed.Appx. 636 (5th Cir. Jan. 25, 2008)(unpublished)(citing S. Christian Leadership Conference v. Sup. Ct., 252 F.3d 781, 782 n.2 (5th Cir.), cert. denied, 534 U.S. 995 (2001) and Jefferson v. La. State Sup. Ct., 46 Fed.Appx. 732 (5th Cir. 2002)). Here, the plaintiff names as a defendant the State of Louisiana, which is barred by the Eleventh Amendment. Therefore, the Court lacks subject matter jurisdiction over the plaintiff's claims against the State of Louisiana.

Accordingly, the State of Louisiana's motion to dismiss is GRANTED.

New Orleans, Louisiana, August 7, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE